**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

———

**SPX CORPORATION,**
a Delaware corporation,

       *Plaintiff,*

vs.

**BARTEC USA, LLC**,
a Michigan company,
**BARTEC AUTO ID LIMITED**,
a United Kingdom corporation,
**SCHRADER-BRIDGEPORT INTERNATIONAL, INC.**,
a Delaware corporation,
**GENERAL PARTS, INC.,**
a North Carolina corporation, and
**MYERS TIRE SUPPLY DISTRIBUTION, INC.**,
an Ohio corporation,

       *Defendants.*

HONORABLE <u>DAVID M. LAWSON</u>
MAG. JUDGE <u>STEVEN D. PEPE</u>

CIVIL ACTION NO. <u>2:06-CV-14888</u>

**<u>JURY TRIAL  REQUESTED</u>**

———

| | |
|---|---|
| ROBERT C.J. TUTTLE   (P25222)<br>MARC LORELLI         (P63156)<br>**BROOKS KUSHMAN P.C.**<br>1000 Town Center<br>Twenty-Second Floor<br>Southfield, Michigan  48075<br>Tel:  (248) 358-4400; Fax: (248) 358-3351<br><br>*Attorneys for Plaintiff* | DAVID A. McCLAUGHRY    (P48816)<br>MICHAEL P. DOERR         (P61075)<br>**HARNESS, DICKEY & PIERCE, P.L.C.**<br>5445 Corporate Drive<br>Suite 200<br>Troy, Michigan 48098-2683<br>Tel:  (248) 641-1600; Fax:  (248) 641-0270<br><br>*Attorneys for Defendant*s |



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

# SPX CORPORATION'S MOTION AND BRIEF IN SUPPORT TO STRIKE PARAGRAPH 5 OF THE DECLARATION OF VALDIS LIEPA (DKT. #163-5)

**EFILED 2/19/08**

## I. MOTION

SPX Corporation hereby moves to strike paragraph 5 of the Declaration of Valdis Liepa, presented as Docket #163-5 in the defendants' recent filing for summary judgment. The basis for this motion is that paragraph 5 of the Liepa declaration is in all material respects the same affidavit testimony that defendants expressly withdrew at the claim construction hearing. Defendants are *sub silentio* attempting to inject the withdrawn affidavit testimony back into the pretrial record.

The defendants submitted a Declaration of Valdis Liepa (Dkt. # 118-5) in its response claim construction brief and quoted it on page 14. (Dkt. # 118.)

SPX filed a notice of objection and moved to strike his declaration. SPX's filing (Dkt. 113) outlined that the defendants failed to identify testimony of Dr. Liepa in the Court ordered disclosure of information used to support their claim construction positions. (Dkt. #98.) SPX also outlined that it was improper to submit evidence only in reply when the defendants bear the burden of proof on their indefiniteness claim. Contemporaneously, SPX sought to depose Dr. Liepa before the claim construction hearing on his declaration. The defendants resisted this deposition and moved for a protective order. (Dkt. # 126.) In SPX response, it made clear that it desired to depose Dr. Liepa prior to the claim construction hearing so that it could probe regarding his affidavit testimony offered regarding indefiniteness. (Dkt. # 127.)

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

-1-

EFILED 2/19/08

At the claim construction hearing, counsel for defendants decided to withdraw the Declaration of Dr. Liepa in the face of these objections. (Exhibit 1, 10/25/07 Hearing Transcript, p.42: "THE COURT: Mr. McClaughry, do you stand by the declaration or do you want to withdraw it? MR. McCLAUGHRY: "Well, Your Honor, I will withdraw it.") Now, well after the close of discovery, counsel for defendants have attempted to re-introduce a nearly identical statement into the record that was previously withdrawn based on objections from SPX. Paragraph 5 of the Declaration of Valdis Liepa (Dkt. # 163-5) should be stricken as an effective end-run around the express withdrawal of the same affidavit testimony at the claim construction hearing.

Pursuant to L.R. 7.1(a), counsel for SPX Corporation held a conference with counsel for the defendants and explained the nature of the present motion and the requested relief. Counsel for SPX Corporation did not obtain concurrence in the relief sought.

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

-2-

EFILED 2/19/08

## II. BRIEF IN SUPPORT

A. **By Court Order, The Defendants Were to Identify All Evidence Used For Claim Construction On September 14, 2007**

The Court's Case Management and Scheduling Order required the defendants to identify all expert testimony that was to be used to support their claim construction positions. (Dkt. #98.) In its disclosure, the defendants identified their position that the claim limitation "means for generating modulated signals" was indefinite, but did not identify Dr. Valdis Liepa as offering supporting testimony.

The Court's Case Management and Scheduling Order also required the parties to submit a Joint Claim Construction Statement on September 28, 2007[1] including the information above. (Dkt. #98.) Again, the defendants did not identify Dr. Valdis Liepa as offering supporting testimony on the claim term "means for generating modulated signals." Only testimony of Dr. Gregory Davis and Ernest Pacsai was identified as supporting the "means for generating a modulated signal" limitation.

B. **The Defendants Did Not Provide The Declaration Of Dr. Valdis Liepa In Their Opening Claim Construction Submission**

As the Court is well aware, the defendants bear a clear and convincing burden to establish indefiniteness, i.e. that the claims cannot be construed. Yet, the defendants did not

---

[1] The joint claim construction chart was actually filed on October 3, 2007. The Declaration of Dr. Liepa was not even identified.

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

-3-

EFILED 2/19/08

submit any evidence in its opening claim construction brief with regard to the term "means for generating modulated signals."

For the first time in their *responsive* claim construction brief, the defendants provided a declaration of Dr. Valdis Liepa. The Declaration made the following statements important to the present motion:

> 7. The specification states that microprocessors execute computer programs for controlling the tire positioning tool. The specification also states that the microprocessor can provide the modulation to the frequency generator circuitry but does not describe any program, algorithm or instructions used by the microprocessor to control the frequency generating circuitry for generating modulated signals.
>
> 8. The terms "microprocessor" or "microcontroller" describe a digital device that is able to perform timing, arithmetic, logic and decision-making operations when given a specific set of instructions for doing so. Without describing the instructions given to the microprocessor and a modulating circuit, one skilled in the art would not understand the specification to disclose a specific circuit or device or a specific approach used to generate modulated signals.

(Dkt. #118-5.)

### C. SPX Filed A Notice Of Objection And Moved To Strike The Declaration of Dr. Valdis Liepa

On October 10, 2007, the day after the defendants submitted the Liepa declaration, SPX filed a notice of objection and moved to strike the declaration. (Dkt. 113.) SPX's filing outlined that the defendants failed to identify testimony of Dr. Liepa in the Court

Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

ordered disclosure of information used to support their claim construction positions. (Dkt. #98.) SPX also outlined that it was improper to submit evidence only in reply when the defendants bear the burden of proof on its indefiniteness claim.

On October 12, 2007, SPX subpoenaed Dr. Liepa to depose him on the declaration that was submitted supporting the defendants' claim construction positions. (Dkt. #126-3.) The defendants moved for a protective order and refused to provide Dr. Liepa for deposition prior to the claim construction hearing. (Dkt. #126; *see also*, Dkt. # 127, SPX's Response.)

These issues were ripe for determination at the claim construction hearing held by the Court on October 25, 2007.

**D.  In The Face Of SPX's Challenges, The Defendants Withdrew
The Declaration Of Dr. Valdis Liepa At The Claim Construction Hearing**

The Court entertained discussion on the propriety of Dr. Liepa's declaration, SPX's motion to strike the declaration, and defendants' motion for a protective order to prevent SPX from probing the statements made. (Exhibit 1, 10/25/07 Hearing Transcript, pp. 35-42.) The discussion concluded with the defendants withdrawing the declaration of Dr. Liepa.

> THE COURT:   All right. I understand your position. Mr. McClaughry, do you stand by the declaration or do you want to withdraw it?
>
> MR. McCLAUGHRY:   Well, Your Honor, I will withdraw it, because I don't think we need it. If you want to consider the extrinsic evidence that's been presented, if you consider the



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

remainder of it, we don't need Dr. Liepa's declaration. It was purely in rebuttal to what these guys said.

MR. LORELLI: That's fine with us, Your Honor. We can resolve this today.

THE COURT: All right. I'll consider the declaration withdrawn. I'll deny the motion for protective order as moot. And with respect to taking Dr. Liepa's deposition for other purposes, I'll leave it to you to work out a date if you chose to do that. Is that acceptable with everyone?

MR. LORELLI: Yes, Your Honor.

MR. McCLAUGHRY: Yes, Your Honor.

THE COURT: Very well.

(Exhibit 1, p. 42, ll. 6-25.)

E.  **After The Close Of Discovery And The Withdrawal Of The Declaration Before The Court, The Defendants Have <u>Re-Introduced A Nearly Identical Declaration From Dr. Liepa</u>**

The defendants have re-introduced a nearly identical declaration from Dr. Liepa that was previously withdrawn in the face of SPX's objections. (Dkt #163-5.) The bolded language below is identical to that withdrawn by the defendants on October 25, 2007.

> 5. Pacsai '796 describes that a microprocessor can provide modulation to frequency generator circuitry (5:55-56). Pacsai '796 **does not describe any program, algorithm or instructions used by the microprocessor to control the frequency generator circuitry for generating modulated signals. Without describing the instructions given to the microprocessor, one skilled in the art would not understand the specification to**



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

> **disclose a specific** structure or **approach used to generate modulated signals.**

(Dkt. 163-5.)

The defendants submitted a declaration including the above on January 25, 2008 nearly three months after it expressly withdrew it from consideration — and months after the close of discovery.  As stated above, the testimony was provided in violation of a Court Order,  the testimony was prohibited from examination as the defendants refused to produce Dr. Liepa for a deposition prior to the claim construction hearing, and was expressly withdrawn by the defendants.  Paragraph 5 of the Declaration of Valdis Liepa (Dkt. # 163-5) must be stricken.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## III. CONCLUSION

For the reasons set forth above and in SPX's prior filings, paragraph 5 of the Declaration of Valdis Liepa (Dkt. # 163-5) must be stricken.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By: /s/ Marc Lorelli
    **ROBERT C.J. TUTTLE  (P25222)**
    **MARC LORELLI          (P63156)**
    1000 Town Center
    Twenty-Second Floor
    Southfield, Michigan 48075
    (248) 358-4400
    E-mail:  rtuttle@brookskushman.com
             mlorelli@brookskushman.com

*Attorneys for Plaintiff*

Dated:  February 19, 2008



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on <u>February 19, 2008</u>, I electronically filed the foregoing **SPX CORPORATION'S MOTION AND BRIEF IN SUPPORT TO STRIKE PARAGRAPH 5 OF THE DECLARATION OF VALDIS LIEPA (DKT. #163-5)** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Michael P. Doerr, Marc Lorelli, David McClaughry, Robert C.J. Tuttle.  I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By:  /s/ Marc Lorelli
    **ROBERT C.J. TUTTLE  (P25222)**
    **MARC LORELLI         (P63156)**
    1000 Town Center
    Twenty-Second Floor
    Southfield, Michigan 48075
    (248) 358-4400
    E-Mail: rtuttle@brookskushman.com
            mlorelli@brookskushman.com

*Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

**EFILED 2/19/08**