UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPX CORPORATION,

       Plaintiff,

vs.                                            Case No. 06-14888
                                                Hon. David M. Lawson
                                                Magistrate Judge Steven D. Pepe

BARTEC USA, LLC, BARTEC AUTO
ID LTD., SCHRADER-BRIDGEPORT
INTERNATIONAL, INC., MYERS TIRE
SUPPLY DISTRIBUTION, INC.,

       Defendants.
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE DISCLOSED LATE AND DENYING MOTION TO STRIKE OBJECTIONS**

This matter is before the Court on defendant Bartec USA, LLC's objections to Magistrate Judge Pepe's order granting the plaintiff's motion for sanctions in the form of excluding from evidence certain items that were not seasonably disclosed as required by the Federal Rules of Civil Procedure and Judge Pepe's orders entered pursuant thereto. Judge Pepe entered his detailed order after extensive briefing and oral argument. The defendant responded with seven objections spread across twenty-eight pages of additional briefing. The plaintiff responded with more briefing plus a motion to strike the objections because they exceeded the twenty-page limit imposed on motion briefs. After reviewing all of this, the Court finds that Judge Pepe's order is not clearly erroneous, the result he reached is appropriate, and the plaintiff's motion to strike is moot.

I.

Judge Pepe discussed the facts and proceedings at length in his order. At the risk of succumbing to the parties' penchant for prolixity, the Court will review those matters again before discussing the defendant's objections. The underlying case is an action for infringement of United States Patent No. 6,904,796 (the '796 patent), which describes a handheld tool used in rotating tires equipped with remote tire monitoring systems (RTMS). The defendants, Bartec USA and its British parent, Bartec Auto ID, Ltd., have counterclaimed alleging invalidity, unenforceability, and non-infringement. On October 23, 2007, the plaintiff moved for sanctions under Federal Rule of Civil Procedure 37(b) in the form of exclusion of certain evidence Bartec USA would offer in support of its invalidity defense based on anticipation and obviousness, contending that Bartec had intentionally delayed its disclosure.

The plaintiff commenced this case alleging infringement on October 30, 2006. At the time, Bartec USA was the only named defendant. Bartec USA answered on December 5, 2006, denying the allegations and asserting counterclaims for invalidity, unenforceability, and non-infringement. In making these arguments, Bartec USA asserted that "[p]ertinent prior art exists including prior art that was not disclosed to or considered by the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '796 patent." Counterclms. at ¶ 5.

The plaintiff filed an amended complaint on April 2, 2007, this time naming four other defendants, including Bartec Auto ID. Bartec USA answered the amended complaint shortly thereafter, again advancing a counterclaim alleging invalidity premised on the existence of prior art. It is on this complaint and counterclaim that the case has proceeded. Bartec Auto ID did not answer the complaint until May 29, 2007. As the magistrate judge noted, service evidently was delayed

because Bartec Auto ID required the plaintiff to serve it through the Hague Convention, even though Bartec Auto ID and Bartec USA have the same owners and counsel. The two entities are owned by Charles Beal and Collin Webb, and they are represented in this action by three attorneys from Harness, Dickey, and Pierce – David McLaughry, Michael Doerr, and George Moustakas. Bartec Auto ID admitted personal jurisdiction in its answer and, predictably, joined in the counterclaim for invalidity, unenforceability, and non-infringement.

As discovery opened, the plaintiff proceeded immediately to question Bartec USA regarding its invalidity position. Bartec Auto ID was not yet a party to the case. In early 2007, the plaintiff sent Bartec USA a first set of interrogatories, asking Bartec USA to

> state separately for each patent claim, the factual and legal bases for such allegations, including without limitation, an identification of each alleged § 102 anticipatory reference and all corroborating evidence as well as an application to the claims of the patents in suit on an element-by-element basis, identification of the prior art relied on and analysis of the *Graham* test for obviousness for Bartec's allegations under § 103, and identification of all prior art or other documents, if any, being relied upon.

Mot. to Compel [dkt # 13], Ex. 2, Bartec USA's Answers to First Set of Interrogatories at 6. After articulating boiler-plate objections, Bartec USA offered the following response:

> Without waiving these general and specific objections, Defendant is informed and believes that the claims of the '796 patent are invalid as being anticipated under 35 U.S.C. 102 or obvious under 35 U.S.C. 103 in view of various prior art, either alone or in combination, including the admitted prior art set forth in the specification of the '796 patent, the prior art of record, as well as the prior art identified in the letter from Ryan Massey to Robert Gilling dated February 7, 2006, a copy of which will be produced in response to Plaintiff's request for production of documents.

*Id.* at 6-7.

Dissatisfied with this answer, the plaintiff moved to compel a complete response on March 6, 2007. The Court referred that motion to Judge Pepe under 28 U.S.C. § 636(b)(1)(A), and he held a hearing in April 2007. Bartec USA supplemented its response before the hearing, but Judge Pepe

nevertheless ordered Bartec USA to provide more information. In pertinent part, Judge Pepe's April 18, 2007 order states as follows:

> 3. **Interrogatory #1:** In its supplemental response to Interrogatory # 1, Defendant provided Plaintiff only with an identification of its positions on invalidity and the prior art relied upon in its supplementation. Defendant shall supplement its responses to indicate an application to the claims of the patents in suit on an element-by-element basis with reference to page numbers from each reference where the particular element may be found as discussed at the hearing (April 12, 2007, Hearing Transcript, at pp. 15-17).
>
> Defendant also claims in response that "aspects of the tool method claimed in U.S. Patent No. 6,904,796 are vague and/or inadequately described." While Defendant provides a broad identification of its defenses, its [sic] does not provide Plaintiff with the complete factual and legal basis for its allegations. Defendant shall supplement its answers with specific reference to the relevant paragraphs 1-6 of 35 U.S.C. § 112.

Order Granting in Pt. Mot. to Compel at 2 [dkt # 25].

Despite this order, Bartec USA was still reticent to disclose all relevant information. On May 25, 2007, the plaintiff filed a motion for sanctions, arguing that Bartec USA had failed to comply with the magistrate judge's order. Although Bartec Auto ID was a party at this point, it was not the subject of the order or the plaintiff's motion for sanctions. Judge Pepe did not impose sanctions, but he did direct Bartec USA to furnish more information concerning its invalidity position. The magistrate judge's order dated July 11, 2007 reads:

> 1. SPX shall identify particular prior art references and claim limitations of claim 1 of the U.S. Patent No. 6,904,796, as broken out in Table 1 of Bartec's Third Supplemental Response to SPX Interrogatory No. 1.
>
> 2. Within ten calendar days from this identification by SPX, Bartec shall identify the primary sentence, paragraph or specific portion of any figure, schematic or image that Bartec relies upon to demonstrate that the identified limitations of claim 1 are disclosed in the particular reference.

Order Granting in Pt. Mot. for Sanctions [dkt # 74] at 2.

In the meantime, the plaintiff began to engage in discovery with the other Bartec defendant, Bartec Auto ID. This task seems to have been fairly *pro forma*, as the first set of interrogatories mirrored that served upon Bartec USA, and the responses, prepared by shared counsel, contained many similarities.

On October 5, 2007, Bartec USA and Bartec Auto ID furnished their expert report on invalidity authored by Dr. Valdis Liepa. Dr. Liepa explained that he was retained by both of the Bartec defendants, and he discussed twelve alleged pieces of prior art, *see* Mot. to Exclude [dkt # 128], Ex. 6, Liepa Rep. at 5-12 (identifying GB 2,305,074; US Patent No. 6,617,962; U.S. Patent No. 5,952,935; U.S. Patent No. 5,124,410; U.S. Pat. App. Pub. No. 2004-0036595; BXR Reader Publications and Quote; US Patent No. 5,602,524; U.S. Pat. App. Pub. No. 2003-0080862; U.S. Patent No. 6,234,007; U.S. Pat. App. Pub. No. 2003-0121320; EP Pat. App. Pub. 1,092,568; and U.S. Patent No. 6,438,467). However, only a handful of these were identified by Bartec USA and Bartec Auto ID in their interrogatory responses, *see* Mot. to Exclude, Ex. 1-3, Bartec USA and Bartec Auto ID's Resps. and Supp. Resps. (identifying only BXR HLF 2000 Users Manual; GB 2,305,074; and U.S. Patent No. 6,438,647). Liepa stated that he reviewed the documents alleged to be prior art "at the request of the lawyers for Defendants." Liepa Rep. at 1.

The new references to prior art understandably took the plaintiff by surprise. Moreover, ten days later, and forty-six days before discovery was to close, Bartec furnished to the plaintiff 200,000 documents on CDs. As the magistrate judge noted, the documents were converted to .tif format, which is unsearchable. Compounding this problem, the plaintiff was scheduled to depose Charles Beal, co-owner of both Bartec USA and Bartec Auto, as a Rule 30(b)(6) witness on October 18, 2007. Although the deposition occurred as scheduled, the Bartec defendants delivered a package

to the plaintiff on the eve of October 17, 2007, which included additional documents and a supplemental interrogatory response. The supplementary response disclosed for the first time Bartec Auto ID's position that the claims in the '796 patent are "anticipated and/or rendered obvious *by Bartec* [*Auto ID*]*'s own activities*." Mot. to Exclude, Ex. 1, Further Supp. Resp. at 7 (emphasis added). Bartec Auto ID recited a long history of its own activities – spanning from 1996 to 2003 and including development of devices such as hand-held tools for reading bar codes and a tire-pressure monitoring tool with multiple activation capability – that allegedly amounted to anticipation. Nevertheless, Bartec Auto ID did not provide any documents or other factual information to support these claims.

On October 18, 2007, the plaintiff deposed Mr. Beal and questioned him about these new assertions. An excerpt from the Beal deposition is set forth in Judge Pepe's order, showing that Beal could not explain why Bartec Auto ID made these assertions just a day beforehand, and he admitted that he was aware of these activities at the time they occurred, and that Bartec attorneys (i.e., counsel for both defendants) had the information for almost a year.

Flummoxed, the plaintiff filed the present motion to exclude Bartec's "intentionally late" disclosure on October 23, 2007. The plaintiff filed the motion against Bartec USA (reasoning that it had made the late disclosure in violation of discovery orders), but it clearly imputed the acts and omissions of Bartec Auto ID to Bartec USA. Although the Court originally indicated that it would hear the motion itself, the Court referred the motion to Magistrate Judge Pepe on November 15, 2007 pursuant to 28 U.S.C. § 636(b)(1)(A). Judge Pepe held a hearing on December 5, 2007. At the hearing, Judge Pepe questioned counsel for Bartec USA and Bartec Auto ID to determine whether Bartec USA had timely supplemented its interrogatory responses. Counsel's response is

reproduced in Judge Pepe's order; he asked to file another brief documenting the dates when the late-disclosed information acquired relevance in the defendants' eyes, which Judge Pepe permitted.

Discovery closed on November 30, 2007.

In its supplemental brief, Bartec USA argued that it did not have reason to know it would be able to contend this prior art (i.e., Bartec Auto ID's own activities) was "invalidating prior art and therefore . . . subject to . . . disclosure obligations under Rule 26(e)" until September 18, 2007. Def.'s Supp. Br. at iii. At this point, of course, the division between Bartec USA and Bartec Auto ID was becoming illusory: counsel for Bartec USA essentially admitted that it would be relying on Bartec Auto ID's activities as well, and he knew that exclusion as to one meant exclusion at to both. In light of Bartec's supplemental brief, SPX "d[id] not seek exclusion of any item of prior art that was disclosed to SPX during the discovery period in the manner required by the Court's April 18, 2007, and May 25, 2007, orders." MJ Order [dkt # 206] at 8. Accordingly, that left the magistrate judge to consider only two items: "(1) Bartec's 'own activities' as presented in the October 17, 2007, Supplemental Interrogatory Response (Dkt # 151, Ex. A, pp. 7-9), and (2) Bartec's two manuals its [expert witness] relied upon as 'printed publications.'" *Ibid.* In a decision dated April 10, 2008, Judge Pepe concluded that both of these items should be excluded.

Judge Pepe analyzed the two categories of materials in turn. While he acknowledged that the plaintiff was only pursuing sanctions against Bartec USA, he essentially treated the two Bartec entities as one. *See* MJ Order at 2 n.2 & 3. The magistrate judge concluded that "Bartec [Auto ID] knew of its 'own activities' when they occurred, and that the relevant information was provided to Bartec's counsel, Harness, Dickey and Pierce[,] by early 2007." *Id.* at 10. Judge Pepe came to this decision despite Bartec USA's explanation for the delay. According to Bartec USA: "It was not

until mid-October that a further review of the documents and information produced to-date showed that some of these activities had a nexus with the United States and thus provided a basis to assert an independent invalidity contention based on the sale or use of BXR tools in the United States." Def.'s Supp. Br. at 5. Judge Pepe found that this explanation lacked credibility. He wrote:

> This extensive and unexplained delay, through multiple opportunities to disclose Bartec's "own activities," is particularly difficult to accept. As stated by Bartec's counsel at the hearing: "It has always been Bartec's contention that its own activities anticipated. They've known that from the get go." (Transcript, p. 58). If that were the case, its invalidity positions should have been disclosed at the "get go," or in one of the six times that it supplemented its response to Interrogatory No. 1. Bartec's present excuse that it learned of its "own activities" in October 2007 seems disingenuous—especially when it was coupled with an avalanche of unsearchable documents, never-before produced, just weeks before the discovery cut-off.

MJ Order at 15.

Judge Pepe also concluded that the two "printed publications" should be excluded for unjustified delay. The documents, produced by Bartec Auto ID and bates stamped BAID 000690 *et seq.* and BAID 002254 *et seq.*, respectively, were not identified by defense counsel as relevant prior art until November 26, 2007. *See* Mot. *in Limine* [dkt # 176], Ex. 1, First Printed Pub.; Ex. 2, Second Printed Pub. However, the first document, styled "Activation Tool, BXR2000A1, Bartec Auto ID Activation Tool," is dated September 3, 2001. First Printed Pub. at 1-2. The second document, styled "BXR LHF – 2000 User Manual, Bartec Auto ID – BXR LHF 2000 – Range of Rugged Hand Held TPMS Readers," is dated August 2002. Second Printed Pub. at 1, 17. Both documents discuss technology that is clearly relevant to the patent litigation. The first document describes a tool that "is a rugged hand held radio tag activator configured to activate and put to sleep Schrader T[ire ]P[ressure ]M[onitoring ] sensors when installed in a wheel." First Printed Pub. at 3. The second document similarly describes "a rugged hand held radio tag reader configured to read

R[emote ]T[ire ]P[ressure ]M[onitoring ]S[ystem] sensors when installed in a wheel." Second Printed Pub. at 2. Despite the obvious bearing these documents have on the '796 patent, Bartec Auto ID did not identify these works as patent-defeating prior art until four days before discovery closed.

Judge Pepe was not convinced by defense counsel's claim that the relevancy of the documents was only recently determined. He wrote:

> If Bartec published a document in 2001 or 2002, it should have known about it and should have disclosed it long before October of 2007 [sic – should read November of 2007]. Indeed, when Harness, Dickey and Pierce were investigating in late 2005, such documents would have been provided. In its supplemental submission Bartec contends that these documents were "identified" in July and August of 2007. Bartec provides no explanation as to why these documents were not produced earlier or why they were never disclosed on its invalidity position.

MJ Order at 17.

Further, Judge Pepe observed that it was far from apparent the documents qualified as "printed publications" under 35 U.S.C. § 102. MJ Order at 17. He stated that this required proof that the documents were accessible to the public, that they could be located by the interested public, and that they were actually disseminated. *Ibid.* (citing *In re Hall*, 781 F.2d 897, 899 (Fed. Cir. 1986), *Constant v. Advanced Micro Devices*, 848 F.2d 1560, 1568 (Fed. Cir. 1988), and *Norian Corp. v. Stryker Corp.,* 363 F.3d 1321, 1330 (Fed. Cir. 2004)). He also noted that the defendants bore the burden to show as much by clear and convincing evidence. *Ibid.* (citing 35 U.S.C. § 102). Judge Pepe then noted that there was Rule 30(b)(6) testimony that the manuals were not published. *See id.* at 18-19.

After outlining these discovery abuses, the magistrate judge analyzed prejudice to the plaintiff. The passage, unfortunately, mimics the discussion of this point in the plaintiff's

supplemental brief. Nonetheless, Judge Pepe wrote that the timing of the disclosures by the defendants of their invalidity positions and the supporting evidence stifled the plaintiff's efforts to discover the soundness of those positions.

Based on this analysis, Judge Pepe concluded that exclusion of the relevant discovery items was an appropriate remedy under Rule 37(c)(1). He granted the plaintiff's motion and order that "(1) Bartec's 'own activities' as set forth on pages 7-9 of Dkt # 151, Ex. A, and (2) BAID 2254 and BAID 690 as 'printed publications' are excluded." MJ Order at 23.

II.

Bartec USA filed timely objections to Judge Pepe's order on April 28, 2008, complete with a twenty-eight page brief in support. The plaintiff filed a fifteen-page response brief, as well as a motion to strike the objections for exceeding the page limit designated by Local Rule 7.

The district court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985).

Bartec USA has advanced seven basic objections to the magistrate judge's order. First, Bartec USA claims that the order "mistakenly purports to exclude evidence of Bartec USA's prior art activities and Bartec USA's two manuals, but refers instead to prior art activities and prior art manuals of *Bartec Auto ID*." Objs. at iv (emphasis added). In other words, Bartec USA contends

he magistrate judge failed to distinguish between the two entities, and effectively sanctioned Bartec USA for Bartec Auto ID's acts and omissions.

Next, Bartec USA says that it did in fact comply with the supplemental provisions of Rule 26(e), and the magistrate judge's discovery orders (or the gloss he applied to them) cannot supplant that Rule. Bartec USA initially notes that the prior discovery orders did not impose a deadline for supplementing discovery responses with additional prior art. Therefore, the supplementation provisions of Rule 26(e) alone govern the disclosure of other prior art. And Bartec USA insists it complied with those provisions. SPX's Interrogatory No. 1 asked for invalidity contentions. Therefore, the defendants believe, information of other prior art was implicated *only when* it became the basis for an invalidity contention to be presented at trial, and the defendants say that the new invalidity contentions were "formulated between September 18, 2007 and October 5, 2007." *Id.* at 15.

Third, Bartec USA contends that the magistrate judge's order should be vacated where the order "claims that the supplemental invalidity contentions were not 'charted' but fails to consider whether the additional or corrective information was otherwise made known during the discovery process or in writing under Fed. R. Civ. P. 26(e)." Objs. at iv. In other words, Bartec USA concedes that the prior art activities and two publications at issue may not have been produced in chart form, but it submits that they were disclosed beforehand in a different fashion (i.e., the publications were furnished to the plaintiffs on August 9, 2007; Bartec Auto ID's prior art activities were discussed "ad nauseum" in the deposition of Mr. Beal; and both were disclosed through Leipa's report on October 5, 2007). *Id.* at 17-18.

For its fourth objection, Bartec USA claims that Magistrate Judge Pepe improperly applied a "clear and convincing" standard to the two manuals at issue.

Bartec USA's fifth objection is that Judge Pepe "mischaracterized Bartec Auto ID's production of emails." *Id.* at 20. Bartec USA observes that "the alleged 200,000 documents are actually 4,700 emails that were requested by SPX, with various computer file attachments." *Id.* at 21.

Bartec USA contends in its sixth objection that the order should be set aside because Judge Pepe failed to find any actual prejudice to SPX. Bartec USA says there cannot be any prejudice because "[t]he supplemental invalidity contentions at issue were provided on October 5, 2007 – a full 8 weeks before the close of discovery – and on October 17, 2007 – over 6 weeks before the close of discovery," Objs. at 21, and since SPX had a substantial opportunity for discovery after the disclosures (and did in fact conduct significant discovery thereafter), prejudice is not obvious. Bartec USA also criticizes Judge Pepe's copying verbatim the assertions of prejudice made by SPX in its supplemental brief.

Finally, Bartec USA takes issue with the scope of the relief granted by Judge Pepe. "The Magistrate's Order indicates that the 'activities' and 'printed publications' are 'excluded,' but fails to specify the scope of the exclusion." *Id.* at 26. Even if the Court sustains the ruling that Bartec Auto ID's own activities and publications are excluded as independent invalidating prior art, Bartec USA says these materials should remain admissible for other purposes, such as demonstrating "the technical history of Bartec Auto ID's products." *Id.* at 26-27.

The Court finds that Judge Pepe correctly identified the governing law in his order. Rule 26(a) of the Federal Rules of Civil Procedure requires parties to disclose substantial information

about any given case.  Rule 26(a)(1) deals with "initial disclosures" and provides that a party must, without awaiting a discovery request, disclose the identity of persons likely to have discoverable information; copies of relevant documents in the party's possession; a computation of damages; and any relevant insurance agreement.  Rule 26(a)(2) governs "disclosure of expert testimony."  In addition to the disclosures required by Rule 26(a)(1), Rule 26(a)(2) demands parties disclose the identity of an expert witness and furnish an accompanying expert report.  The required contents of such a report are set forth in detail in the Rule.  *See* Fed. R. Civ. P. 26(a)(2)(B).  Rule 26(a)(3) then describes additional required disclosures once the case gets closer to trial.  These disclosures generally involve expected witnesses and exhibits, and Rule 26(e) imposes a duty to supplement previous discovery, including expert disclosures.

Rule 37(c)(1) authorizes the district court to exclude from a trial information that was, in violation of Rule 26(a) or (e), withheld without "substantial justification," unless the failure to disclose was "harmless."  In fact, the language of Rule 37 suggests that exclusion is mandatory in these circumstances, and the Sixth Circuit has cited with approval a Seventh Circuit decision to that effect.  *Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004)); *see also Samos Imex Corp. v. Nextel Co.,* 194 F.3d 301, 305 (1st Cir. 1999) (explaining that "as amended, the civil procedure rules make clear that exclusion of evidence [such as an expert's testimony] is a standard sanction for a violation of the duty of disclosure under Rule 26(a)").

Applying these standards, Magistrate Judge Pepe determined Bartec USA failed to timely supplement its responses to Interrogatory Number 1 in violation of Rule 26(e), and he granted the request for exclusion under Rule 37(c)(1).

The Court finds it useful to group Bartec USA's seven objections to this ruling into three categories. The first is that the magistrate judge conflated the acts and omissions of Bartec USA with those of Bartec Auto ID. The second is that the defendants provided corrective information under Rule 26(e)(1)(A), rendering exclusion under Rule 37 inappropriate. The third is that Judge Pepe did not identify actual prejudice.

Taking these concerns in turn, the Court finds that Judge Pepe properly sanctioned Bartec USA for failing to disclose the invalidity contention based on Bartec Auto ID's prior art and technical manuals. Although courts generally respect the autonomy and limited liability provided by the corporate form, judicial respect gives way when the corporations themselves fail to honor the corporate form. *See N.L.R.B. v. Fullerton Transfer & Storage, Ltd., Inc.*, 910 F.2d 331, 340 (6th Cir. 1990) (discussing the circumstances in which a court may pierce the corporate veil). "A corporation is presumed to be a separate entity from its shareholders," *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 384 (6th Cir. 1991), and, of course, from other corporations, *see Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724 (6th Cir. 2007) ("A parent corporation generally is not liable for the acts of its subsidiary, even if its subsidiary is wholly owned."). This case does not implicate a piercing scenario *per se*, but it is a case where it is appropriate to sanction Bartec USA for Bartec Auto ID's untimely disclosure. The companies are owned by the same two men, Collin Webb and Charles Beal, and they are represented in this case by the same attorneys. Charles Beal testified that he was aware of the subject prior art when the activities occurred (five to seven years ago), and he testified on October 18, 2007 that defense counsel had this information for nearly a year beforehand. Given the nature of the prior art, it is difficult to believe that defense counsel needed until October 2007 to determine that it would rely

on this information in arguing for invalidity. The untimely disclosure, while ostensibly only the doing of Bartec Auto ID, must be attributed to Bartec USA as well. The purpose of Rule 37 is not only to punish discovery abusers, but also to protect litigants who legitimately seek information to prepare for trial. Because the plaintiff plainly was disadvantaged by the late disclosures, both Bartec entities must pay the price for noncompliance with Rule 26(e).

Bartec USA's claim that it (or its parent corporation) provided corrective information in keeping with Rule 26(e)(1)(A) is also unavailing. Rule 26(e)(1)(A) requires a party to supplement a discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A); *see also Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993). However, a party need not supplement a response "if the additional or corrective information has . . . otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Bartec USA states that corrective information of the publications was made known to the plaintiff by way of Dr. Liepa's report produced on October 5, 2007, and corrective information of Bartec Auto ID's prior art activities was made known through Mr. Beal's deposition testimony on October 18, 2007. Although there is some merit to this contention, the information still was not timely disclosed. Beal testified that defense counsel was in possession of this information for about a year before his October 18, 2007 deposition. Bartec USA provides no explanation – other than its rather fantastic claim that it took almost a year to conclude that this would be part of its invalidity position – as to why it took so long to furnish these references to the plaintiff.

Bartec USA's third objection, dealing with prejudice, need not detain the Court long. Although it is troubling that Magistrate Judge Pepe copied a portion of the plaintiff's brief verbatim,

that has no bearing on the propriety of exclusion under Rule 37(c)(1). Rule 37(c)(1) authorizes the district court to exclude from a trial information that was withheld in violation of Rule 26(a) or (e) without "substantial justification," unless the failure to disclose was "harmless." Fed. R. Civ. P. 37(c)(1). A party requesting exclusion under Rule 37(c)(1) need not show prejudice; rather, the burden is on the moving party to show that the non-disclosure was harmless or substantially justified. When the non-moving party fails to show as much, case law suggests that exclusion is mandatory. *See Dickenson*, 388 F.3d at 983; *Samos Imex Corp.*, 194 F.3d at 305. Accordingly, it matters not whether the plaintiff would suffer prejudice absent exclusion (although it seems likely that it would). It is enough to say that Bartec USA has not shown substantial justification or harmlessness, which it has not.

Bartec USA's remaining complaints also can be disposed of quickly. It has conceded itself that the magistrate judge's characterization of the e-mail production is immaterial. Upon review, it is clear that the magistrate judge's discussion of the standard of proof regarding printed publications under 35 U.S.C. § 102 also is irrelevant. Reading the discussion in context, it becomes apparent that Judge Pepe referenced this standard (and the trouble the defendants might have in meeting it) simply to cast doubt on the *bona fides* of the untimely disclosure. Judge Pepe seemed to think that the manuals were probably not "printed publications" within the meaning of section 102, and their disclosure at the eleventh hour made him wonder if the defendants were engaging in mere gamesmanship. Whether the defendants or their counsel engaged in bad faith discovery tactics remains to be seen, although looming in the background is the unexplained conduct of converting 200,000 pages of e-mail documents to an unsearchable format before turning them loose. Nonetheless, the Court accepts and affirms Judge Pepe's decision to exclude the evidence under

Rule 37(c)(1), to which the "clear and convincing" discussion was ancillary. Finally, the Court overrules the objection regarding the scope of relief. The magistrate judge stated that the materials were excluded, and he presumably meant that they were excluded for all purposes. Bartec USA has not identified law showing a limit to the scope of exclusion under Rule 37(c)(1), and its claim that the materials may be needed for background development is unpersuasive.

III.

The Court is not "left with the definite and firm conviction that a mistake has been committed," *United States Gypsum Co.*, 333 U.S. at 395, by Magistrate Judge Pepe's order. The Court finds that the defendant's objections to the magistrate judge's order lack merit. Having so ruled, the plaintiff's motion to strike the objections as too lengthy becomes moot.

Accordingly, it is **ORDERED** that Bartec USA's objections [dkt #214] to Magistrate Judge Steven D. Pepe's order granting the plaintiff's motion to exclude the defendant's late disclosure [dkt #206] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion to strike the objections [dkt #217] is **DENIED as moot**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: August 4, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2008.

                                    s/Felicia M. Moses
                                    FELICIA M. MOSES